FRANCIS TUTTLE *vs.* JOSEPH D. BROWN.

A verdict founded entirely upon an issue of fact, which is wholly immaterial to the
merits of the case, and to the issue presented by the pleadings, will be set aside.

ASSUMPSIT to recover for a cow sold to the defendant in the
summer of 1848.   At the trial in the court of common pleas,
the defendant, as a defence to the action, and also to reduce
the damages, offered evidence tending to show that the sale
was made with a warranty that the cow was sound and right,
and he contended there was a breach of said warranty.

The plaintiff then introduced evidence tending to prove that
after the defendant was in possession of the cow, under said
sale, there was a dispute between the parties respecting their
contract, and that in October, 1848, they met and settled their
disputes by agreeing that the plaintiff himself should go the
next day to the defendant's house in Concord, and carry him
the receipt of the plaintiff's son (who had made the sale to the
defendant, as the plaintiff's agent) for the cow, and that the
defendant would thereupon return and deliver back the cow to
the plaintiff, retaining to his own use the calf which had been
calved after the defendant came into possession of the cow;
that the defendant exacted of the plaintiff that he should come

himself, because he, the plaintiff, had charged the defendant with stealing the cow, and the defendant wanted everything straight, so that no further trouble would come of it.

The plaintiff further produced evidence tending to show that on the said day he did not go himself to the defendant's, but sent his authorized agent and servant, together with the receipt from the plaintiff's son for the cow. The servant and agent of the plaintiff went to the defendant's and presented said receipt to him, and requested the defendant to deliver the cow to him for the plaintiff; but the defendant refused, because the plaintiff did not personally come for her; and he has ever since kept the cow. The agent of the plaintiff, who was sent for the cow, testified that the plaintiff told him not to take the cow from the defendant unless the defendant would furnish a man to assist in driving the cow from Concord to Acton, where the plaintiff lived; but it did not appear from his testimony whether, when he demanded the cow of the defendant, and offered the said receipt, he made known to him the directions of the plaintiff respecting said assistance or not.

The defendant's counsel contended that it was an essential part of the bargain between the parties, that the plaintiff should personally go to Concord and carry said receipt to the defendant, and receive from him the cow ; and that the defendant was not bound to deliver the cow, or pay the price of her, because the plaintiff had directed his agent and servant not to receive her from the defendant unless the defendant would agree to furnish a man to assist in driving the cow to Acton. But the presiding judge of the court of common pleas, *Merrick*, J. ruled that it was not an essential part of the bargain and agreement between the parties, that the plaintiff should personally go to Concord and carry said receipt to the defendant, and that if the plaintiff sent an authorized agent and servant to do for him all that he was required to do by the terms of the bargain and agreement, and if said agent did do all that was so required, that would be a sufficient performance of the contract by the plaintiff, so far as it was to be performed by him; and as to the said directions of the plaintiff to his

servant, respecting said assistance, the judge ruled that they were immaterial if they were not made known to the defendant, and if he refused to deliver the cow to the plaintiff's servant and agent, solely upon the ground that the plaintiff had not personally come for the cow.

The jury found a verdict for the plaintiff, for the whole sum claimed. The defendant excepted to the aforesaid ruling.

*M. G. Cobb*, for the defendant.

*G. F. Farley*, for the plaintiff.

BIGELOW, J. It seems to us that this case was tried and submitted to the jury upon an issue of fact which was wholly immaterial, and that the real merits of the case in controversy between the parties were lost sight of and left untried.

To the claim of the plaintiff for the price of the cow, it was competent for the defendant to show, in reduction of damages, a breach of warranty of the animal, on the part of the plaintiff. *Perley* v. *Balch*, 23 Pick. 283. Evidence on this point was competent under the general issue. 1 Chit. Pl. (6th Am. ed.) 600. So far, the proceedings at the trial of the case were regular, and the parties confined themselves to what was properly at issue between them. But the evidence offered by the plaintiff, in answer to this defence, of an ·executory agreement between himself and the defendant to rescind the original contract for the purchase of the cow, upon certain terms which were never carried into effect, had no legitimate tendency to meet the defence relied on by the defendant, but was wholly irrelevant and foreign to the real subject of inquiry before the jury. It neither denied or in any way answered the averment of the defendant of a breach of warranty. It was not a reply of accord and satisfaction, release and discharge, or payment of the damages caused by such breach. It left the case, for all material purposes of the issue joined between the parties, exactly where it was left on the defendant's evidence. Instead of relying on the contract for the purchase of the cow, and his right to recover thereon, and meeting the evidence offered by the defendant in reduction of the agreed price, the plaintiff set up an entirely new, separate, independent contract between the parties. That this new contract was not intended to abro

gate the original contract, or to be a substitute for it, is shown by the fact that the plaintiff himself sues and claims to recover on the latter as still in force and binding on the defendant. If a new contract was made between the parties, with the terms of which the defendant failed to comply, and thereby caused damage to the plaintiff, he has a good cause of action therefor against the defendant; but it constituted no answer to his own breach of warranty in the original contract for the purchase of the cow. The plaintiff forsook his original case, and had recourse to another. He attempted to set up, as an answer to the proof of a breach by himself of the contract in suit, the breach of another separate and distinct contract by the defendant. In short, the evidence offered by the plaintiff, in reply to the defence set up to his claim, in no way explained, maintained, or fortified his original cause of action, or rebutted the evidence offered in support of the defence. It was, therefore, wholly irrelevant and immaterial, and failed to meet the case really in issue.

It appears by the exceptions, that the whole case was eventually submitted to the jury on the issue which grew out of this immaterial matter. This being so, it follows that the real merits of the case have not been determined by the verdict, and therefore there has been a mistrial. In such cases, a verdict does not help an immaterial issue, and it is the duty of the court, in order to effect substantial justice between the parties, to order a new trial.            *Verdict set aside.*